United States District Court

Middle District of Pennsylvania

FILED
HARRISBURG, PA

JUN 24 2026

PER _____ DEPUTY CLERK

Donald Jackson,
Petitioner

v.

Federal Bureau of Prisons
Respondent

Case No. 1:19-CR-194

Motion to recognize eligibility for first step act time credits under 18 U.S.C. 3632 (d)(4)

NOW COMES Petitioner, Donald Jackson, proceeding pro se, after exhausting all his BOP administrative remedies and respectfully moves this Honorable Court to recognize his eligibility to earn and apply First Step Act (FSA) Time credits under 18 U.S.C. 3632 (d)(4), and in support thereof states:

I. INTRODUCTION

Mr. Jackson, is currently serving a federal sentence that includes a conviction under 18 U.S.C. 924(c). The Bureau of Prisons (BOP) has determined Petitioner is ineligible to earn FSA Time credits based on 18 U.S.C. 3632 (d)(4)(D)(xxii) which excludes individuals convicted of certain firearms-related offenses.

However, the statutory language used to disqualify inmates under 18 U.S.C. 924(c) is materially distinct from the actual offense of conviction, and thus Petitioner is wrongfully excluded.

## II. STATUTORY FRAMEWORK

18 U.S.C. 3632 (d)(4)(D) provides that inmates convicted of certain offenses listed therein are ineligible to earn FSA Time Credits. Subsection (D)(xxii) disqualifies: "An offense described in section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence of drug trafficking crime".

However, the Indictment case No. 1:19-CR-194, charged Mr. Jackson, with "count 7", which was violation of Title 18. U.S.C 924(c), possession of a firearm in furtherance of drug trafficking and then enhanced as a career offender. Mr. Jackson received 60 months for count 7, 924(c) possession of a firearm in furtherance of drug trafficking and 120 months for the career offender enhancement to be served consecutive to count 7, for a total of 180 months. Mr. Jacksons conviction under 18 U.S.C. 924(c) was for possession of a firearm in furtherance of drug trafficking, not "during and in relation to" such a crime.

This distinction is meaningful because the language in 18 U.S.C. 3632 (d)(4)(D) (xxii) does not mention the

"In Furtherance of" prong found in 18 U.S.C. 924(c)(1)(A). The Supreme Court has consistently held that courts must follow the plain text of a statue. Where Congress excluded specific language from a statue, it is presumed to do so intentionally. (See Russello v. United States, 464 U.S. 16, 23 (1983)).

III. ARGUMENT

The First Step Act (FSA) governs the calculation of Federal Prison Sentences. Sections 102(b) of the FSA amended 18 U.S.C 3624(b), allowing Federal Inmates to earn additional good time credits. See P.L. 115-391, 102(b)(1). The FSA allows eligible inmates who successfully complete Evidence-Based Recidivism Reduction Programming or Productive Activities to earn time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C 3632(d)(4)(a). While most prisoners are eligible, those serving a sentence for certain crimes are not. See 18 U.S.C. 3632(D)(4)(D)(xxii).

"A prisoner is ineligible to receive time credit under this paragraph if the prisoner is serving a sentence for a conviction under 18 U.S.C. 924(c), relating to unlawful possession or use of a firearm during and in relation to a crime of violence or a drug trafficking crime." See 18 U.S.C. 3632(D)(4)(D)(xxii).

The BOP codified it's procedure at 28 C.F.R. 523.41 (d), which states that "any" inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal crime offense, or any person in the custody of the BOP, is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section.

"28 C.F.R. 523.41 (d)(2), explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632 (d)(4)(D), which includes sentences imposed under 18 U.S.C. 924 (c), the inmate is not eligible to earn FSA time credits." See also 18 U.S.C. 3632 (d)(4)(D)(xxii).

18 U.S.C. 924 (c), Brandishing a firearm in Furtherance of a crime of violence, is NOT the same language that Congress wrote in the ineligible crime section of 18 U.S.C. 3632 (d) (4)(D). Specifically, "during and in relation to" Nonetheless, the FSA does NOT specify if you are serving a sentence for "in furtherance of a crime of violence or drug trafficking crime". Thus Mr. Jackson, is eligible for time credits under the FSA as he was not convicted of 18 U.S.C. 924(c) relating to "in relation to", but rather was convicted of "in Further-ance of", which does not exclude Mr. Jackson from Eligibility to earn FSA time credits.

Mr. Jackson, is eligible for FSA Earned Time Credit (ETC), as Mr. Jackson is currently serving his Career offender Enhancement sentence of 120 months in and itself is not a crime of violence, but a sentencing enhancement. The legislative history of the revisions, however explicitly provide that "the Committee intends that the mandatory sentence under the revised sub-section 924(c) be served prior to the start of the sentence (which Mr. Jackson did) for the underlying or any other offense.

Sen. Rep No. 225, 98 Cong. 2d. Sess. 313 (1984). Reprinted in 1984 U.S.C.C.C.A.N. 3182, 3492. Moreover, 18 U.S.C. 924(c), states that the seven year sentence should run consective to any other sentence. Use of the "consecutive" would have implied that the seven year term would follow the predicate offense. The legislation instead provides that:

No term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried or possessed.

18 U.S.C. 924(c)(1)(A)(ii). The legislative history and the words of legislation, indicate that Congress intended that the seven year non-parolable sentence be served first,

followed by the sentence of the predicate offense. Mr. Jackson, has completed the 924(c), "60 months", and is now serving the career offender enhancement 120 months sentence that is not excluded from eligibility under FSA, because of the language in 18 U.S.C. 3632 (d)(4)(D). Ineligible Prisoners. A prisoner is ineligible to receive time credits under this paragraph following provisions of law: In (xxii) setion 924(c), 18 U.S.C. 924(c), Relating to unlawful possession or use of a firearm During and in Relation to any crime of violence or drug trafficking Crime. In 18 U.S.C 3632, development of risk and needs assessment system, the language in the FSA is specifically singling out 18 U.S.C 924(c), as it relates to "during and in relation to", where as "In Furtherance" of is seperate and has a different standard for conviction. When Congress wrote the law, it wrote two different parts for convictions.

The BOP,s interpretation of the relevent statues and policy, treating all multiple conviction sentences as an aggregate sentence for the purpose of time credits under the FSA, are unreasonable and not entitled to any deference. See (Loper Bright Ent. V. Raimondo, 2024 U.S. Lexis 2882 (June 28, 2024). holding that, even when a court interprets a statue that delegates authority to an administrative agency, the court must nevertheless independently interpret the statue and effectuate the will of Congress.

Congress intended that the 18 U.S.C. 924(c) sentence be served first (which Mr. Jackson did complete).

Since Mr. Jackson, per the District Court's order, has served his 18 U.S.C. 924(c), 60 month sentence for possession of a firearm in Furtherance of drug trafficking and is now serving his Career Offender Enhancement of 120 months, he should receive his FSA credits because he is eligible **to** earn FSA ETC's through successful Completion of EBRR and PA programs. The BOP began applying these FSA ETC's in January 2019, and should have applied FSA credits toward Mr. Jacksons, sentence, but the BOP has been largely irresponsible in administering the FSA mandates as a whole, and more specifically in applying FSA ETC's.

A. The BOP's Interpretations Is Overboard and Contrary to Law.

The BOP has taken the position that any conviction under 18 U.S.C. 924(c) renders an inmate ineligible regardless of whether the conviction falls within the specific language used in 18 U.S.C. 3632 (d)(4)(D)(xxii). However, the Congress chose to describe only a subset of 18 U.S.C. 924(c) offenses those "relating to unlawful possession or use of a firearm during and in relation to" a crime of violence or drug trafficking crime.

Petitioners offense was not based on "during and in relation to," but rather in furtherance of", which is a distinct legal standard.

B. The Rule of lenity Supports Mr. Jacksons Eligibility where statutory language is ambiguous and imposes a restriction on liberty or benefit, the rule of lenity demands that such ambiguity be resolved in favor of the individual. (see Rewis v. United States, 401 U.S. 808, 812 (1971). Because Congress omitted "In Furtherance of" from the disqualifying language, the statue must be interpreted to exclude such convictions from automatic disqualification.

C. Recent Developements Support Judicial Review of BOP's Catergorical Exclusions
In (Loper Bright Enterprises v. Raimondo, Nos. 22-451, 22-1219, 2024 U.S. Lexis 2882 (June 28, 2024)), the Supreme Court curtailed judicial deference to agency interpretations under Chevron. Every motion filed in Court, the U.S. Attorney's boiler plate response referenced Chevron, arguing that the courts were required to defer to the BOP's interpretation of the FSA and deny relief. Importantly the government admitted that the 18 U.S.C. 924(c) sentence is served first, but the BOP's policy trumps that under chevron.

well now that argument is void as the Supreme Court seemingly overturned Chevron, holding that courts must interpret the statues, not a federal agency. This means that the BOP's twisted interpretation of the FSA doesn't matter and its up to the courts to decide whether someone is "serving" their 18 U.S.C. 924(c) and therefore exempts from FSA credits. As such, the BOP's expansive reading of 18 U.S.C. 3632(d)(4)(D) is not entitled to deference and must be subject to de novo review by the court.

IV. PRAYER FOR RELIEF

WHEREFORE, Mr. Jackson respectfully requests this Court:

1. Declare that Mr. Jacksons conviction under 18 U.S.C. 924(c) for possession of a firearm "in furtherance of" drug trafficking does not fall within the statutory exclusion under 18 U.S.C. 3632(d)(4)(D)(xxii);

2. Order the BOP to recalculate Mr. Jacksons earned FSA Time Credits and apply them accordingly toward his sentence from June 2019 through current, all future time remaining on his sentence and pre release custody or supervised release eligibility; and

3. Grant any further relief the court deems just and proper.

Respectfully Submitted,
June 1, 2026

Donald Jackson
Petitioner Pro Se
Reg. No. 76914-067
F.C.I Berlin
P.O. Box 9000
Berlin, NH 03570

Donald Jackson #76914-067
Federal Correctional Institution
F.C.I Berlin
P.o. Box 9000
Berlin, NH 03570

WHITE RIV JCT VT 050
2 JUN 2026 PM 2

RECEIVED
HARRISBURG, PA
JUN 24 2026
PER _____ DEPUTY CLERK

76914-067
Clerk Of Court
Ronald Reagan Fed Build
228 Walnut ST
Harrisburg, PA 17108
United States

17108-980028

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 1:19-CR-00194 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD JACKSON | : | |
| | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to recognize eligibility for First Step Act time credits under 18 U.S.C. § 3632(d)(4) filed by Defendant Donald Jackson ("Defendant") that has been docketed as a motion to reduce sentence under Section 404 of the First Step Act. (Doc. 87.) For the following reasons, the court will construe the pending motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transfer the action to the United States District Court District of New Hampshire.

### BACKGROUND

On February 11, 2022, judgement was entered in the above captioned case against Defendant who pleaded guilty of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 942(c) with an offense date of June 19, 2018. (Doc. 83.) He was sentenced to one hundred eighty (180) months imprisonment to be followed by five years of supervised release. (*Id*.)

1

Defendant is currently housed at the Federal Correctional Institution Berlin ("FCI-Berlin") with a projected release date of August 27, 2031.  Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited June 29, 2026).

On June 24, 2026, the court received and docketed a motion to recognize eligibility for First Step Act time credits under 18 U.S.C. § 3632(d)(4) requesting the court to declare that Defendants' conviction under 18 U.S.C. § 924(c) does not fall within the statutory exclusion under 18 U.S.C. § 3632(d)(4)(D)(xxii) and order the Bureau of Prisons to recalculated his earned time credits under the First Step Act and apply them towards his sentence.  (Doc. 83.)

Defendants' motion was docketed as a motion to recalculate his sentence under Section 404 of the First Step Act.  (Doc. 83.)

### DISCUSSION

**A. The Court Will Construe the Motion as a Section 2241 Petition for Writ of Habeas Corpus.**

While Defendant's motion was filed as seeking relief under Section 404 of the First Step Act, it more properly appears to be a petition for writ of  habeas corpus under 28 U.S.C. § 2241.

Section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step Act of 2018, 115 Pub.

2

L. 391 § 404, 132 Stat. 5194, 5222 (2018).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."  *Id.*  These specified sections modified the drug amounts required to trigger mandatory minimums for crack cocaine trafficking offenses from 5 grams to 28 grams with respect to the 5–year mandatory minimum and from 50 grams to 280 grams with respect to the 10–year mandatory minimum.  Fair Sentencing Act, Pub. L. No. 111–220, § 2(a), 124 Stat. 2372, 2372.  The Fair Sentencing Act also eliminated the 5–year mandatory minimum for simple possession of crack.  *Id.* at § 3, 124 Stat. 2372, 2372.  *See also Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) (explaining sentencing discrepancies for certain drug offenses that Fair Sentencing Act sought to remedy).  Here, Defendant's offense is not a "covered offense" under Section 404.  It is for the possession of a firearm, not the possession of crack cocaine.

The filing is more appropriately construed as a petition for writ of habeas corpus under Section 2241.  Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence."  *See Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432

3

F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  *See Woodall*, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).  Defendant is asking the court to address his eligibility for earned time credits under the First Step Act, which allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A), (C).  Therefore, this filing is more properly construed as petition for writ of habeas corpus under Section 2241.

   **B. The Court Will Transfer the Petition to the District of New Hampshire.**

   A Section 2241 petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful

4

custody.")  Defendant is currently in custody at FCI-Berlin in New Hampshire. Therefore, the United States District Court for the District of New Hampshire is the proper venue for Defendant's writ of habeas corpus.  *See* 28 U.S.C. § 109.

Accordingly, in the interest of justice, the court will direct the Clerk of Court to transfer this action to the United States District Court for the District of New Hampshire.  *See* 28 U.S.C. § 1404(a) (stating that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought . . .")

### CONCLUSION

For the reasons set forth above, the court will construe the pending motion as a petition for writ of habeas corpus under Section 2241 and transfer the petition to the United States District Court for the District of New Hampshire.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 1:19-CR-00194 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD JACKSON | : | |
| | : | Judge Jennifer P. Wilson |

### ORDER

**AND** NOW, on this 30th day of June 2026, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT**:

1. Defendant Jackson's motion to reduce his sentence under Section 404 of the First Step Act, Doc. 87, is **CONSTRUED** as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

2. The Clerk of Court is directed to **TRANSFER** the petition for writ of habeas corpus, Doc. 87, to the United States District Court for the District of New Hampshire.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2026

1