**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

DONALD JACKSON

v. Case No. 26-cv-545-SM-TSM

WARDEN, FCI BERLIN

**REPORT AND RECOMMENDATION**

Petitioner, Donald Jackson, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a motion in his criminal case in the Middle District of Pennsylvania, which that court transferred here, deeming it to be a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Jackson's Petition (Doc. No. 1) challenges the decision of the Federal Bureau of Prisons ("BOP") to deny him the opportunity to earn First Step Act ("FSA") time credits. That Petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

For reasons explained more completely below, Jackson's conviction of a disqualifying firearm offense, 18 U.S.C. § 924(c), makes him ineligible to earn FSA time credits, rendering him ineligible to earn FSA time credits during all phases of his imposed term of imprisonment. See 18 U.S.C. §§ 3584(c), 3632(d)(4)(D)(xxii). Accordingly, the district judge should dismiss Jackson's § 2241 Petition as he is plainly not entitled to relief.

**LEGAL STANDARD**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally

insufficient on its face"). The court, in this context, may consider the records of prior judicial proceedings, to the extent that those proceedings have relevance to the matters before the court and are the proper subject of judicial notice. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND

Pursuant to a plea agreement in which the government agreed to dismiss all but one count of a multi-count indictment, Jackson was convicted of possession of a firearm "in furtherance of drug trafficking," in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Jackson, No. 1:19-cr-00194-JPW-1 (M.D. Pa. Feb. 11, 2022). The court in Jackson's criminal case departed from range resulting from his career offender status under the U.S. Sentencing Commission Guidelines and ultimately imposed a sentence for Jackson's § 924(c) offense that includes a term of imprisonment of 180 months.

This Petition challenges BOP's decision to deny Jackson the opportunity to earn any FSA time credits at any point in his term of imprisonment. Jackson asserts he exhausted his administrative remedies with respect to his claims before he filed this matter. He seeks an order of this court requiring the BOP to allow him to earn FSA earned time credits.

## DISCUSSION

Jackson maintains that his § 924(c) conviction is not the type of firearms conviction that disqualifies a prisoner from earning FSA time credits. The relevant portion of the FSA listing the offenses and sentences that disqualify a prisoner from earning FSA time credits, 18 U.S.C. § 3632(d)(4)(D), provides, in pertinent part:

> (D) **Ineligible Prisoners.** A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

> . . . .
>
> (xxii) Section 924(c) [18 U.S.C. § 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.
>
> . . . .

Id. § 3632(d)(4)(D)(xxii).

Contending that § 924(c) establishes two separate crimes relating to drug trafficking: (1) using or carrying a firearm "during and in relation to" drug trafficking; and (2) possession of a firearm "in furtherance of" drug trafficking, Jackson argues that the FSA disqualification applies only to the first type of § 924(c) conviction, using or carrying a firearm. Jackson during and in relation to drug trafficking, and not to his conviction of firearms possession "in furtherance of" drug trafficking maintains that his conviction is not subsumed within the FSA provision that disqualifies § 924(c) offenses. He also argues that this court should apply the rule of lenity in construing that part of the FSA.

The plain language of the relevant FSA provision does not support Jackson's argument. See 18 U.S.C. § 3632(d)(4)(D)(xxii) (making § 924(c) convictions, "relating to unlawful possession or use of a firearm during and in relation to any . . . drug trafficking crime" a disqualifying conviction (emphasis added)). The only § 924(c) "possession" offenses rendered "unlawful" under § 924(c) are those like Jackson's, namely, possession in furtherance of drug trafficking. Cf. Forteza-Garcia v. United States, 130 F.4th 18, 21 (1st Cir. 2025) ("Section 924(c) makes it a crime to use or carry a firearm 'during and in relation to any crime of violence or drug trafficking crime' . . . or to possess a firearm in furtherance of any such crime of violence or drug trafficking crime." (quoting 18 U.S.C. § 924(c)(1)(A))). If Jackson's construction of the pertinent FSA provision were correct, limiting the statute's disqualification only to § 924(c) convictions that involve firearms used or carried "during or in relation to" drug trafficking, there would be no purpose served by the terms of the FSA provision which expressly disqualify § 924(c) convictions of firearms "possession" made "unlawful" under § 924(c). 18 U.S.C.

§ 3632(d)(4)(D)(xxii). Because the FSA expressly lists § 924(c) drug trafficking firearms possession convictions among the types of convictions that disqualify prisoners from earning FSA time credits, Jackson's conviction is within the scope of that disqualification.

Jackson's argument seeking to carve out his § 924(c) conviction from the FSA's list of disqualifying offenses finds no support in any case law. All pertinent cases identified by this court deem possession convictions like Jackson's to be disqualifying. See, e.g., Oiler v. LeMaster, No. 24-5033, 2025 WL 1864875, at *1, 2025 U.S. App. LEXIS 577, at *3 (6th Cir. Jan. 10, 2025) (list of disqualifying offenses under FSA includes § 924(c) convictions of possession of firearm in furtherance of drug trafficking (citing § 3632(d)(4)(D)(xxii))); Solis-Salazar v. Greene, No. 1:26-CV-377, 2026 WL 1506536, at *1, 2026 U.S. Dist. LEXIS 117356, at *4 (M.D. Pa. May 28, 2026) (plain language of FSA makes petitioner ineligible for FSA credits "because he is serving a sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of section 924(c)"); Loera v. Hijar, No. EP-25-CV-118-LS, 2025 WL 1901917, at *2, 2025 U.S. Dist. LEXIS 123050, at *4 (W.D. Tex. June 29, 2025) (same); Byrd v. Warden, FCI Berlin, No. 23-CV-154-LM, 2023 WL 2898936, at *3, 2023 U.S. Dist. LEXIS 64264, at *4-5 (D.N.H. Feb. 28, 2023) (same), R&R adopted, 2023 WL 2894495, 2023 U.S. Dist. LEXIS 62940 (D.N.H. Apr. 11, 2023).

Jackson contends that there are two parts to his sentence, the 60-month mandatory prison term imposed for his § 924(c) offense and the career offender enhancement, which resulted when the court in his criminal case applied the advisory U.S. Sentencing Guidelines and then adjusted the sentence for reasons stated by that court on the record in that case. Jackson argues that he is presently serving the "career offender" component of his sentence, and for that reason, he should be deemed eligible to earn FSA time credits. The FSA, however, does not sever sentences imposed for disqualifying offenses into pieces for purposes of determining whether a prisoner's sentence disqualifies that prisoner from earning FSA time credits. Cf. Williams v. Warden, No. 22-cv-564-JL, 2023 WL 5961688, at *4-5, 2023 U.S. Dist. LEXIS 163464, at *1-2 (D.N.H. Aug. 1, 2023) (when prisoners serve concurrent or consecutive

sentences for multiple convictions imposed at the same time, BOP may properly aggregate those sentences in assessing their eligibility for FSA time credits (citing 18 U.S.C.S. § 3584(c))), R&R approved, 2023 WL 5959740, 2023 U.S. Dist. LEXIS 161971 (D.N.H. Sept. 13, 2023).

Jackson is serving a sentence imposed for his conviction of a disqualifying offense. The rule of lenity does not change the outcome here, as the plain language of the FSA and all pertinent cases construing that provision make it clear that Jackson's conviction and sentence under 18 U.S.C. § 924(c)(1) disqualify him from earning any FSA time credits. See 18 U.S.C. § 3632(d)(4)(D)(xxii). Accordingly, the district judge should dismiss this Petition, and then the clerk of court may enter judgment and close this case.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the petition. Then, the clerk's office may enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

July 23, 2026

cc: Donald Jackson, pro se